UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re

    SANDRA J. DAY

              Debtor(s).                    No. 7-06-12329 ma

                                          Adv. No. 07-1156

**CERTIFICATE OF INABILITY TO
ELECTRONICALLY FILE DUE TO TECHNICAL PROBLEMS**

I certify that I am temporarily unable to electronically file because:

☒    My Internet service, *(SWCP),* was not working as of *(April 30, 2008 @ 3:00pm)*

☐    The Court's website or e-filing program was unavailable as of (*date and time*)

☐    My personal computer is inoperable. The problem will be remedied by (*date*)

☐    Other technical failure (explain) _____

_____

I therefore submit this ***(Defendant Dayton Rite Aid, LLC'C Response Memorandum in Support to Defendants Regatta Capital, LTS's Motion for Summary Judgment and Defendant's Dayton Rite Aid, LLC'S Response to Defendant Regatta Capital, LTD'S Motion For Summary Judgment ( with exhibits)*** as a paper filing concurrently with the filing of this certificate.

Date: *April 30, 2008*                    Jennie Deden Behles
                                                        *Name of Attorney*
                                                          Attorney for Dayton Rite Aid, LLC
                                                           *202 Central SE. #A-100*
                                                           *PO Box 7070*
                                                           *Albuquerque, NM 87194-7070*
                                                           Telephone: 505-242-7004
                                                          Fax: 505-242-7066

F:\FORMS\certificate of inability to electronically file due to technical problem.wpd

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re:
SANDRA J. DAY,
 Debtor                     No. 7-06-12329 MA

MICHAEL J. CAPLAN, Trustee,
 Plaintiff,

v.                         Adv. No. 07-1156 M

YONKS & ASSOCIATES;
REGATTA CAPITAL, LTD.;
JAN T. NELSON AND ELAINE S. NELSON;
WESTSTAR MORTGAGE CORPORATION;
SECURITY STATE BANK AND TRUST;
LAFARGE SOUTHWEST, INC.;
DEPARTMENT OF THE TREASURY - INTERNAL
REVENUE SERVICE; DAYTON RITE AID LLC, a
California Limited Liability Company; CHARLES R. TRIMBLE
AND LYNDA K. TRIMBLE; DAVID ALTOUNIAN;
LC5 INVESTMENTS, LLC a New Mexico Limited
Liability Company; AND CLAYTON C. ANDREWS;
 Defendant.

### DEFENDANT DAYTON RITE AID, LLC'S
### RESPONSE MEMORANDUM IN SUPPORT TO
### DEFENDANT REGATTA CAPITAL, LTD.'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Defendant Dayton Rite Aid, LLC, ("Dayton"), by and through their attorneys, Jennie Deden Behles of the Behles Law Firm, P.C., pursuant to F.R.C.P. 56, and in Response to the Motion for Summary Judgment by Defendant Regatta Capital, Ltd., ("Regatta").

  A.  **Summary Judgment Standard**

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and where "the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56. The moving party is required to make a prima facie showing of entitlement to summary judgment. Once a prima facie showing is made, the burden shifts to the party opposing the motion to show that a genuine

issue for trial exists. Id.  The party opposing the motion may not rest on mere allegations, but must set forth specific facts showing there is a genuine issue for trial.

Summary Judgment serves as a means of avoiding trial where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Bloom v. General Truck Drivers, Office, Food & Warehouse Union, Local 952, 783 F.2d 1356, 1358 (9th Circuit 1986).  To defeat such a motion, the non-movant must come forward with "specific facts showing that there is a genuine issue for trial" with respect to a material fact.  Matsushita Elec. Inc. Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  The non-movant cannot rest on allegations in its pleadings, but must set forth specific material facts via affidavit or otherwise to defeat the motion.  Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983).

## INTEREST PASSED THROUGH THIS BANKRUPTCY ESTATE

As a matter of law, due to the divorce of the Days the property that was community property was transmitted to property owned by them as tenants of common with each owning an undivided one-half interest provides § 45-2-804 (B)(2) N.M.S.A., "servers the interests of the former spouses in property held by them at the time of the divorce or annulment as joint tenants with the right of survivorship, transforming the interests of the former spouses into tenancies in common.  (Emphasis added)."  This provision ensures that any property held by the parties as joint tenants is severed and their respective interests are transformed into tenancies in common. See also Swink v. Fingado, 115 N.M. 275, 850 P.2d 978 (N.M. 1993).  Judgments are instruments, which cannot be divided and assigned in part.  The effect of the attempted partial assignment is that Regatta, is the holder of the judgment lien for purposes of enforcing it and it is apparently release as is security.

2

**WHEREFORE**, Dayton, moves this court for an order denying the motion for summary judgment of Regatta for such other and further relief the court deems just in the premises.

Respectfully submitted,

**THE BEHLES LAW FIRM, P.C.**


 /s/ Jennie D. Behles
Jennie D. Behles
202 Central Avenue, S.E., Suite A-100
P.O. Box 7070 (87194-7070)
Albuquerque, NM 87102
Phone: 242-2007
Fax:    242-2066
Email: jennie@jdbehles.com

*Attorney for Defendant Dayton Rite Aid, LLC*

I served a true copy of the foregoing on this 30th day of April, 2008 to the following:

Michael J. Caplan
827 E. Santa Fe Avenue
Grants, NM 87020
*Attorney for Plaintiff, Trustee*

Robert H. Jacobvitz
JACOBVITZ, THUMA & WALKER, P.C.
500 Marquette NW, #650
Albuquerque, NM 87102-5309
*Attorney for Debtor Sandra J. Day*

James W. Brewer
KEMP SMITH, LLP
P.O. Box 2800
El Paso, TX 79999-2800
*Attorney for Security State Bank*

Daniel J. Behles
226 Cynthia Loop NW, #A
Albuquerque, NM 87114-2417
*Attorney for Defendant Regatta Capital, LTD*

Nathan C. Sprague
MOSES, DUNN, FARMER & TUTHILL, P.C.
P.O. Box 27047
Albuquerque, NM 87125-7047
*Attorney for Defendant David Altounian*

by filing the original with the Court Clerk
which caused an electronic copy hereof to be served on

said counsel, and, if such electronic service was not
noted on the Notice of Electronic Filing which was
generated at the time filing, then by first class
mail, postage prepaid, of by fax, if a fax number is shown,
or by such other means as I specified.

   /s/ Jennie D. Behles
Jennie Deden Behles

F:\WPDOCS\Waterman Dayton\Caplan v. Yonks et al\MemoSpprtofRspntoRegatta'sMSJ 042808.wpd

4