## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re: SANDRA J. DAY,                                        No. 7-06-12329 MA

     Debtor.

_____

MICHAEL J. CAPLAN, Trustee,

     Plaintiff,

v.                                                         Adversary No. 07-1156 M

YONKS & ASSOCIATES, REGATTA CAPITAL, LTD.;
JAN T. NELSON AND ELAINE S. NELSON; WESTSTAR
MORTGAGE CORPORATION: SECURITY STATE BANK
AND TRUST; LAFARGE SOUTHWEST, INC.; DEPARTMENT
OF THE TREASURY - INTERNAL REVENUE SERVICE;
DAYTON RITE AID LLC, a California Limited Liability
Company; CHARLES R. TRIMBLE and LYNDA K. TRIMBLE;
DAVID ALTOUNIAN; LC5 INVESTMENTS, LLC, a New Mexico
Limited Liability Company; and CLAYTON C. ANDREWS,

Defendants.

## <u>ORDER GRANTING REGATTA CAPITAL, LTD.'S MOTION FOR<br>SUMMARY JUDGMENT</u>

THIS MATTER is before the Court on Regatta Capital, Ltd's Motion for Summary

Judgment ("Motion").   This Motion for summary judgment requests the Court to determine that

Regatta Capital, Ltd. ("Regatta") has a first position claim on the proceeds from the Chapter 7

Trustee's sale of certain real property of the Debtor's bankruptcy estate, based on a recorded

transcript of judgment against the Debtor, Sandra Day, and her former spouse, Mark Day, now

deceased.  Regatta served its Motion on the Plaintiff Michael J. Caplan, Chapter 7 Trustee;

Defendant Dayton Rite Aid, LLC, a California Limited Liability Company ("Dayton");

Defendant Security State Bank and Trust ("Security State Bank"); and Defendant David

1

Altounian.  Only Dayton filed a response to the Motion.

Plaintiff filed this adversary proceeding to determine the validity, priority, and extent of the liens against the Debtor's real property located at 1265 Bona Terra Loop ("Property").  *See* Amended Complaint to Determine the Validity, Priority, or Extent of a Lien of the Defendants Upon the Debtor's Real Property Located at 1265 Bona Terra Loop, NW, Albuquerque, New Mexico 87114 ("Complaint") - Docket #1.  The Chapter 7 Trustee sold the Property free and clear of liens in connection with the Debtor's bankruptcy proceeding, and holds proceeds from the sale of the Property in the amount of $319,708.59.  *See* Order on Trustee's Motion to Sell the Debtor's Residence Free and Clear of Liens (Case No. 7-06-12329 MA, Docket # 169); Complaint, ¶ 11.  Dayton opposes the Motion, asserting two main arguments: 1) that the bankruptcy estate acquired only a one-half interest in the real property sold by the Chapter 7 trustee due to the pre-petition divorce of Sandra Day and Mark Day, consequently only one half of the proceeds from the sale of the property are property of the estate; and 2) that Regatta has assigned all or a portion of its judgment and is, therefore, not entitled to assert any lien position. After review of the Motion, Dayton's response thereto, and Regatta's reply, the Court finds that Dayton has not raised any genuine issue of material fact and that Regatta is entitled to judgment as a matter of law.  The Court will, therefore, grant the Motion.

SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P.  The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to

judgment as matter of law.[1]  In determining whether summary judgment should be granted, the

Court must view the facts in the light most favorable to the party opposing summary judgment.[2]

In opposing a motion for summary judgment, the non-moving party

> may not rely merely on allegations or denials in its own pleading; rather, its response
> must – by affidavits or as otherwise provided in this rule – set out specific facts showing
> a genuine issue for trial.  If the opposing party does not so respond, summary judgment
> should, if appropriate, be entered against that party.

> Rule 56(e)(2), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056,
> Fed.R.Bankr.P.

## UNDISPUTED FACTS

The following facts necessary to the determination of the Motion are not in dispute:

1.   The Chapter 7 Trustee sold the Property free and clear of liens and the liens of the

Defendants in this adversary proceeding attached to the proceeds of sale.    The Property is

located in Bernalillo County, New Mexico.

2.  The Trustee is holding $319,708.59 from the sale of the Property, subject to the liens

of the Defendants in this adversary proceeding.

3.  Regatta obtained a Transcript of Judgment against Mark Day and Sandra Day on

November 27, 2001, and recorded the Transcript of Judgment in the Office of the County Clerk

---

[1] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265
(1986).  ("[A] party seeking summary judgment always bears the initial responsibility of
informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a
genuine issue of material fact.").

[2] *Henderson v. Inter-Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994)(stating that the
court must "view all facts and any reasonable inferences that might be drawn from them in the
light most favorable to the nonmoving party . . ."); *Harris v. Beneficial Oklahoma, Inc., (In re
Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2007) (same).

Case 07-01156-m    Doc 79    Filed 12/10/08    Entered 12/10/08 11:21:00 Page 3 of 10

of Bernalillo County, New Mexico on July 1, 2004 as Document #2004092152 ("Regatta Transcript").    The amount of the judgment reflected in the Regatta Transcript is $665,953.92, plus interest from November 27, 2001 until paid.

4.  Regatta filed a proof of claim in the Debtor's bankruptcy proceeding based on the Regatta Transcript.  *See* Case No. 7-06-12329 MA, Claim No. 38.

5.  Dayton holds a Transcript of Judgment against Mark Day and Sandra Day and others ("Dayton Transcript").  The Dayton Transcript was recorded in the Office of the County Clerk of Dona Ana County, New Mexico on January 25, 2006.   The Dayton Transcript was recorded in the Office of the County Clerk of Bernalillo County, New Mexico on January 31, 2006.

6.  Dayton filed a proof of claim based on the Dayton Transcript.  *See* Case No. 7-06-12329 MA, Claim No. 32.

7.  Defendant David Altounian disclaimed any interest in the proceeds from the sale of the Property.  *See* Disclaimer of David Altounian, Docket # 20.

8.  The only Defendant other than Regatta, Dayton, and David Altounian, to file an answer to the Complaint is Security State Bank and Trust.  *See* Docket # 7.

9.  Security State Bank bases its claim on a Transcript of Judgment it asserts was recorded on December 3, 2004.  *See* Answer of Security State Bank and Trust, Fredricksburg to Amended Complaint to Determine the Validity, Priority, or Extent of a Lien Regarding 1265 Bona Terra Loop, NW, Albuquerque, New Mexico, ¶ 10 (Docket # 7).  Dayton disputes that Security State Bank's claim is represented in the real property records as a lien on the Property.[3]

---

[3]The fact that Dayton disputes the fact that Security State Bank claims a lien against the Property does not affect the outcome of the Motion for Summary Judgment because the Regatta Transcript predates Security State Bank's alleged lien.

4

10.  The record of this proceeding reflects that the following Defendants have not filed answers to the Complaint:  Yonks & Associates, Jan T. Nelson and Elaine S. Nelson, Weststar Mortgage Corporation, Lefarge Southwest, Inc., Department of the Treasury - Internal Revenue Service, Charles r. Trimble and Lynda K. Drimble, LC5 Investments, LLC, a New Mexico Limited Liability Company, and Clayton C. Andrews.

11.  The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 11, 2006.

12.  Dayton did not file an objection to the Trustee's motion to sell the Property free and clear of liens.

DISCUSSION

The Regatta Transcript Has Priority Over the Dayton Transcript.

The Chapter 7 Trustee sold the Property free and clear of liens in accordance with 11 U.S.C. § 363, and subsequently filed this adversary proceeding in accordance with Rule 7002(2) Fed.R.Bankr.P. to determine the validity, priority and extent of liens against the proceeds from the sale.  In determining lien priorities among competing claimants, the bankruptcy court examines applicable state law.[4]

Under New Mexico law, the creditor who first records a transcript of judgment against a

_____

[4]*See Straight v. First Interstate Bank of Commerce (In re Straight),* 200 B.R. 923, 931 (Bankr.D.Wyo. 1996), *aff'd,* 207 B.R. 217 (10th Cir. BAP 1997) (turning to Wyoming law "to determine the relative priority of competing liens.")(citing *In re Van De Kamp's Dutch Bakeries,* 908 F.2d 517, 519 (9th Cir. 1990)); *In re ½ Mile Lumber Co., Inc.,* 326 B.R. 876, 881 (Bankr.S.D.Fla. 2005)("Federal courts are duty bound to apply state law when determining the extent, validity, and priority of liens and security interests created pursuant to state law.")(citing *In re Haas,* 31 F.3d 1081 (11th Cir. 1994)).

5

debtor's real property has priority over later filed liens.[5]   The Regatta Transcript was recorded in

Bernalillo County on July 1, 2004.   The Dayton Transcript was recorded in Dona Ana County,

New Mexico on January 25, 2006 and in Bernalillo County on January 31, 2006.   Based on the

recording dates, the Regatta Transcript has priority over the Dayton Transcript.

<u>The filing of a Proof of Claim is Prima Facie Evidence of the Validity and Amount of the Claim.</u>

Dayton asserts that Regatta's Motion for Summary Judgment lacks evidentiary support

establishing the validity of Regatta's claim by pointing out that the Motion for Summary

Judgment merely recites that Regatta has not received any payments on its judgment.   But

because Regatta's proof of claim constitutes prima facie evidence of the validity and the amount

of the claim,  Dayton's argument fails.   Pursuant to Rule 3001(f), Fed.R. Bankr.P., "[a] proof of

claim executed and filed in accordance with these rules shall constitute prima facie evidence of

the validity and amount of the claim." Rule 3001(f), Fed.R.Bankr.P.   Regatta filed its proof of

claim in accordance with 11 U.S.C. § 501 and 11 U.S.C. § 502.[6]   Thus, in accordance with Rule

---

[5]*See* N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006)("Any money judgment rendered in the . . . district court . . . may be issued by the clerk upon request of the parties.  The judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of judgment in the office of the county clerk of the county in which the real estate is situate."). *See also, Chessport Millworks, Inc. v. Solie,* 86 N.M. 265, 268, 522 P.2d 812, 815 (Ct.App. 1974)(determining lien priority between landlord's lien and security interest based on doctrine of first in time, first in right); *In re Beeman,* 224 B.R. 420, 423 (Bankr.W.D.Mo.1998) ("Normally, 'the priority of liens is determined by the principle 'first in time, first in right.''")(quoting *Meyer v. United States,* 375 U.S. 233, 236, 84 S.Ct. 318, 321, 11 L.Ed.2d 293 (1963)(quoting *United States v. New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954)).

[6]Section 501 provides that "[a] creditor . . . may file a proof of claim."  11 U.S.C. § 501(a).

Section 502, provides, in relevant part: "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).

6

3001(f), the validity and amount of Regatta's claim is presumed.    No objections to Regatta's claim have been filed.

<u>Dayton's Exhibits in Opposition to the Motion Fail to Raise a Genuine Issue of Material Fact.</u>

A fact is "material" when the fact is essential to the elements necessary under the substantive law to dispose of the claim. *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).   An issue is "genuine" when there is sufficient evidence on either side "so that a rational trier of fact could resolve the issue either way."  *Id.*  (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248).   Dayton asserts that Regatta has assigned or released its judgment.

Attached to Dayton's memorandum response in opposition to Regatta's Motion are uncertified docket sheets from the following civil actions: *Sandra Jane Day, Petitioner v. Mark Glen Day, Respondent*  - Case No. D-202-CM200601518 (Exhibit A); *Mark Glen Day* - Case No. D-202-PB-200600601 (Exhibit A); *Weststar Mortgage v. Cain, et al.* - Case No. D-721-CV-200200064 (Exhibit D); and *Regatta v. Cain Dale, et al.* - Case No. D202-CV-200104062 (Exhibit E).    Uncertified copies of docket sheets from unrelated civil proceedings do not constitute admissible evidence for purposes of summary judgment. *See* Fed.R.Evid. 902(4) (providing that extrinsic evidence of authenticity is not required for *certified* copies of public records)(emphasis added); *Harris,* 209 B.R. at 994 (affirming bankruptcy court's denial of creditor's motion for summary judgment due to a lack of admissible evidence, where bankruptcy court stated that  "if a party wishes to have its documents considered by the court [on a motion for summary judgment], they must be admissible as evidence.").   Thus none of these uncertified docket sheets are sufficient to create a genuine issue of material fact.   Even if the Court were to

Case 07-01156-m    Doc 79    Filed 12/10/08    Entered 12/10/08 11:21:00 Page 7 of 10

consider the contents of these docket sheets, nothing contained therein indicates that Regatta transferred or released its Transcript of Judgment.    Dayton's other exhibits presented in defense of the Motion likewise fail to raise genuine issues of material fact.

Dayton's Exhibit B, a copy of the Certificate as to the State of the Record prepared for the Chapter 7 Trustee by First American Title Insurance Company reflects, among other things, the Regatta Transcript recorded on July 1, 2004, and the Dayton Transcript recorded on January 31, 2006.    No releases or assignments of the Regatta Transcript are reflected in Exhibit B. Exhibit F is a printout from a search of the Bernalillo County records that reflects a Release between Regatta, as Grantor and Mark Day and Sandra Day as Grantees dated August 28, 2003. Dayton did not provide a copy of the document referenced in the printout.    Without the underlying document, it is not possible to determine whether the release affects the judgment upon which the Regatta Transcript was issued and does not create a genuine issue of material fact.    Similarly, Exhibits G, H, and I, which are additional printouts from searches of the Bernalillo County records, do not include copies of the referenced documents.

<u>Neither Divorce Nor Death Affects the Priority of Regatta's Transcript Which was Issued against Both Sandra Day and Mark Day and Attached to the Property when it was Recorded In the Real Property Records on July 1, 2004.</u>

Dayton asserts that because the Debtor and Mark Day were divorced before the filing of the Debtor's bankruptcy proceeding, only a one-half interest in the Property became part of the Debtor's bankruptcy estate.  Dayton further argues that since Mark Day subsequently died, his one-half interest in the Property and the proceeds from its sale should be abandoned to the probate estate of Mark Day, subject to any liens which attach to such interest.   Regatta holds a transcript of judgment against both Sandra Day and Mark Day which was recorded prior to their

8

divorce. The fact that the divorce may have severed any joint tenancy between Sandra Day and Mark Day in the Property and created a tenancy in common[7] does not alter the fact that the Regatta Transcript was issued against both Sandra Day and Mark Day and attached to the Property when it was recorded.[8] As between Regatta and Dayton, because the Regatta Transcript was recorded in Bernalillo County prior to the date the Dayton Transcript was recorded, the Regatta Transcript has priority over the Dayton Transcript.[9]

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED. A judgment consistent with this Order will be entered.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: December 10, 2008

---

[7]*See* N.M.S.A. 1978 § 45-2-804(B)(2) (Repl. Pamp. 2008)(Except as provided by the express terms of a governing instrument . . . the divorce or annulment of a marriage . . . . severs the interests of the former spouses in property held by them at the time of the divorce or annulment as joint tenants with the right of survivorship, transforming the interests of the former spouses into tenancies in common.").

[8]*See* N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006) (providing that a "judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of the judgment in the office of the county clerk of the county in which the real estate is situate."). *See also, Sylvanus v. Pruett,* 36 N.M. 112, 9 P.2d 142, 144 (1932)( finding that the rights of a judgment lien creditor are fixed when the lien is created).

[9]*Cf. Tres Ladrones, Inc. v. Fitch,* 127 N.M. 437, 445, 982 P.2d 488, 496 (Ct.App. 1999)(finding that district court erred in ruling that mortgage holder's lien was "superior to that of other lien claimants, absent any showing that [the mortgage holder's] lien was a *prior outstanding lien* against the property paramount to that asserted by any of the other lien claimants.")(citation omitted)(emphasis added).

9

COPY TO:

Michael J Caplan, Chapter 7 Trustee
Plaintiff
827 E Santa Fe Ave
Grants, NM 87020-2458

Jennie D Behles
Attorney for Defendant Dayton Rite Aid, LLC
PO Box 7070
Albuquerque, NM 87194-7070

Daniel J Behles
Cuddy Law Firm
Attorney for Regatta Capital, Ltd.
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109