UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: SANDRA J. DAY,                                    No. 7-06-12329 MA

    Debtor.

_____

MICHAEL J. CAPLAN,

    Plaintiff,

v.                                                       Adversary No. 07-1156 M

YONKS & ASSOCIATES;
REGATTA CAPITAL LTD.;
JAN T. NELSON and ELAINE S. NELSON;
WESTSTAR MORTGAGE CORPORATION;
SECURITY STATE BANK AND TRUST;
LAFARGE SOUTHWEST, INC.;
DEPARTMENT OF THE TREASURY -
INTERNAL REVENUE SERVICE; DAYTON
RITE AID, LLC, a California Limited Liability
Company; CHARLES R. TRIMBLE and LYNDA
K. TRIMBLE; DAVID ALTOUNIAN; LC5
INVESTMENTS, LLC, a New Mexico Limited
Liability Company; and CLAYTON C. ANDREWS;

    Defendants.

### ORDER DENYING DAYTON RITE AID LLC'S
### MOTION FOR RECONSIDERATION OF ORDER GRANTING
### REGATTA CAPITAL, LTD.'S MOTION FOR SUMMARY JUDGMENT

    THIS MATTER is before the Court on the Motion for Reconsideration of Regatta's [sic]

Capital Ltd.'s Motion for Summary Judgment Entered on 12-10-08 ("Motion") filed by Dayton

Rite Aid, LLC ("Dayton"), by and through its attorneys Behles Law Firm, P.C. (Jennie D.

Behles) filed on December 22, 2008. *See* Docket No. 82. The Motion requests the Court to

reconsider pursuant to Rule 59, Fed.R.Civ.P. the Order Granting Regatta Capital, Ltd.'s Motion

1

for Summary Judgment ("Order") entered December 10, 2008 which determined that Regatta Capital, Ltd. ("Regatta") holds a first position claim against the proceeds from the Chapter 7 Trustee's sale of certain real property of the Debtor's bankruptcy estate based on a recorded transcript of judgment against the Debtor, and her former spouse Mark Day, now deceased. *See* Docket 79. Regatta filed a response to the Motion, and Dayton filed a reply. After consideration of the Motion, the response, and the reply, the Court finds that there is insufficient cause to alter its conclusions of law contained in the Order. Accordingly, the Court will deny the Motion.

DISCUSSION

Motions for reconsideration filed within ten days of the entry of a judgment or order are governed by Rule 59(e), Fed.R.Civ.P., as incorporated into the bankruptcy rules by Rule 9023, Fed.R.Bankr.P. *See Buchanan v. Sherrill,* 51 F.3d 227, 230 n.2 (10th Cir. 1995) (*"*No matter how styled, we construe a post-judgment motion served within ten days of the entry of judgment and challenging the correctness of the judgment as a motion under Rule 59(e)."). Dayton's Motion was filed within ten days of the date of entry of the Order and will, therefore, be construed under Rule 59, Fed.R.Civ.P.[1] Motions to alter or amend a judgment or order filed pursuant to Rule 59, Fed.R.Civ.P. may be granted to "'correct manifest errors of law or fact or to present newly discovered evidence under limited circumstances.'" *In re Hodes,* 239 B.R. 239, 242

---

[1] The Order was entered on December 10, 2008. The tenth day following the date of entry of the Order was December 21, 2008, a Sunday. *See* Rule 9006, Fed.R.Bankr.P. ("the day of the . . . event from which the designated period of time begins to run shall not be included.") Therefore, the Motion, filed on the following business day, Monday, December 22, 2008, was timely filed within the ten-day period. *See* Rule 9006, Fed.R.Bankr.P. ("The last day of the period so computed shall be included, unless it is . . . a Sunday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.").

2

(Bankr.D.Kan. 1999), *aff'd in part, and rev'd in part on other grounds,* 289 B.R. 5 (D.Kan. 2003)(quoting *In re American Freight System, Inc.,* 168 B.R. 245, 246 (D.Kan. 1994)). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *In re Sunflower Racing, Inc.,* 223 B.R. 222, 223 (D.Kan. 1998)(citations omitted). Rule 59(e) does not afford parties seeking relief an opportunity to raise new arguments, or to "rehash arguments previously considered and rejected by the court." *Id.*

Dayton continues to assert that Regatta failed to properly support its motion for summary judgment as required by Rule 56, Fed.R.Civ.P., and that the property sold by the Chapter 7 trustee included non-estate property due to the divorce of the Debtor and Mark Day. Dayton raised these arguments in response to Regatta's motion for summary judgment. In granting Regatta's motion for summary judgment, the Court necessarily addressed and rejected these arguments. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)("[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider[.]'")(quoting *Van Skiver v. United States,* 751 F.Supp. 1522, 1523 (D.Kan. 1990)).

Next, Dayton points out that Regatta's transcript of judgment was released, and then re-recorded on July 1, 2004 without the re-issuance of a transcript of judgment. Because Regatta's transcript of judgment was released and subsequently re-recorded without the new issuance of a transcript of judgment, Dayton argues that Regatta has failed to demonstrate its priority. Attached to the Motion is a copy of the Release of Transcript of Judgment in Bernalillo County Only ("Release"). Dayton did not attach a copy of the Release to its response to Regatta's

3

motion for summary judgment. Nor did Dayton specifically raise the argument that the re-recording of Regatta's transcript of judgment without re-issuance from the district court somehow invalidates Regatta's lien. A motion for reconsideration does not serve as a vehicle to raise or re-frame arguments that could have been raised at the outset. *See Van Skiver,* 952 F.2d at 1243 ("'[A]dvanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed' is likewise inappropriate.")(quoting *Van Skiver,* 751 F.Supp at 1523); *Sunflower Racing,* 223 B.R. at 223 ("A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.")(citation omitted).

Nevertheless, because it is apparent on the face of Regatta's Transcript of Judgment that the document was re-recorded, the Court will address Dayton's argument. Dayton relies on *Breece v. Gregg,* 36 N.M. 246, 13 P.2d 421 (1932), which held that, by statute, the docketing of a judgment by the court clerk is a necessary step in creating a lien on the judgment debtor's real property, which is completed by the filing of a transcript of judgment in the office of the county clerk. *Breece,* 36 N.M. at 248. In *Breece,* because the judgment had not been docketed, the requirements of the statute had not been substantially complied with, and the recording of a transcript of judgment was ineffective to create a lien. *Id. Curtis Manufacturing Company v. Barela,* 76 N.M. 392, 415 P.2d 361 (1966), another case cited by Dayton, simply acknowledges that a judgment and a judgment lien against real property are separate rights.

Here, unlike *Breece,* Regatta's judgment *was* docketed in the state court action, and Regatta obtained a transcript of judgment from the state court which it recorded in Bernalillo County. Regatta then recorded a Release. The Release contained the following language:

4

"This Release of Transcript of Judgment shall not be a release of the Judgment itself." It is therefore clear from the Release that Regatta did not release its judgment; the scope of the Release is limited to the Transcript of Judgment, and is further limited to Bernalillo County. Regatta later re-recorded its transcript of judgment based upon its judgment which was never released. Dayton asserts that by failing to obtain a new transcript of judgment from the state court, and instead, re-recording the existing transcript of judgment, Regatta failed to comply with the statute so that its re-recorded transcript of judgment failed to create a valid lien. This Court disagrees.

There is no requirement in N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006)[2] or N.M.S.A. 1978 § 39-1-8 (Repl. Pamp. 2006)[3] for a creditor to obtain a new transcript of judgment from the

---

[2]That section provides:
> Any money judgment rendered in the supreme court, court of appeals, district court or metropolitan court shall be docketed by the clerk of the court and a transcript or abstract of judgment may be issued by the clerk upon request of the parties. The judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of the judgment in the office of the country clerk of the county in which the real estate is situate. Upon approval and filing of a supersedeas bond upon appeal of the cause as provided by law, the lien shall be void. Judgment shall be enforced for not more than fourteen years thereof.
> N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006).

[3]That section provides:
> A. The transcript of judgment issued by the clerks of the supreme court, court of appeals, district courts and metropolitan courts shall show:
>> (1) the names of the parties;
>> (2) the number and nature of the case;
>> (3) the court in which judgment was rendered
>> (4) the date of the judgment, amount of damages, amount of costs, total amount of judgment and date of docket;
>> (5) the attorney for the creditor;
> (6) issuance and return of executions, if any; and
> (7) satisfaction of judgment when paid.

5

court in which the judgment was entered in order to re-record a transcript of judgment evidencing a judgment which was never released. A creditor's obligation to release a transcript of judgment arises only when the judgment has been satisfied in full. *See* N.M.S.A. 1978 § 39-1-6.1 (Repl.Pamp. 2006).[4] Dayton asserts that Regatta received some payments on its judgment and that, because it did not obtain a new transcript of judgment (which would presumably reflect a lesser judgment amount) re-recording the original transcript of judgment is somehow invalid.

The purpose of recording a transcript of judgment is to give notice to parties bound to search the real property records that a creditor holds a judgment and asserts a lien against any real property held by the judgment debtor in the county in which the transcript of judgment is recorded. *See Kuntzman v. Guaranteed Equities, Inc.,* 105 N.M. 49, 51, 728 P.2d 459, 461 (1986)("New Mexico's recording statute is a notice statute. . ."); *Angle v. Slayton,* 102 N.M. 521, 523, 697 P. 2d 940, 942 (1985)(New Mexico's recording statute, N.M.S.A. 14-9-1, serves as notice to "those persons bound to search the record."). Re-recording the original transcript of judgment achieved that purpose: it re-established record notice of Regatta's judgment and created a recorded lien against all real property located in Bernalillo County owned by Sandra Day and Mark Day with a priority date as of the date the transcript of judgment was re-recorded.

---

N.M.S.A. 1978 § 39-1-8 (Repl. Pamp. 2006).

[4]That section provides:
> When any judgment giving rise to a subsisting lien pursuant to Section 39-1-6 NMSA 1978 upon any real estate in the state has been fully satisfied, it is the duty of the judgment creditor to file a release of the lien in the office of the county clerk of the county in which the real estate is situate. The cost of filing the release of lien shall be assessed against the judgment debtor and shall be collected before the release of lien is required to be filed.
> N.M.S.A. 1978 § 39-1-6.1 (Repl. Pamp. 2006).

Case 07-01156-m    Doc 86    Filed 02/05/09    Entered 02/05/09 10:56:42 Page 6 of 7

*See* N.M.S.A. 1978 § 39-1-6 (Repl.Pamp. 2006)("The judgment lien shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of judgment in the office of the county clerk of the county in which the real estate is situate."). As stated by Dayton in its Motion, the real issue before the Court in this adversary proceeding is not the amount of Regatta's judgment, but the priority of its lien. The re-recorded date of Regatta's transcript of judgment pre-dates the date Dayton's transcript of judgment was recorded.[5] Regatta therefore has priority over Dayton, which this Court already determined in its Order.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: February 5, 2009

COPY TO:

Jennie Deden Behles
Attorney for Dayton Rite Aid, LLC
PO Box 7070
Albuquerque, NM 87194

Daniel J. Behles
Attorney for Regatta Capital, Ltd.
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109

---

[5] Regatta's Transcript of Judgment was re-recorded in Bernalillo County, New Mexico on July 1, 2004. Dayton's Transcript of Judgment was recorded in Bernalillo County, New Mexico on January 31, 2006.

7